UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DBR FINANCE, INC. F/K/A OUTDOOR
PRODUCT INNOVATIONS, INC.,

    Plaintiff

v.

HORTON BAY HOLDINGS, LLC AND
HADLEY DEVELOPMENT, LLC

    Defendants.

Case No. 25-CV-1139-EFM-BGS

## NOTICE & ORDER TO SHOW CAUSE

NOTICE AND ORDER TO SHOW CAUSE to Defendants: HORTON BAY HOLDINGS, LLC AND HADLEY DEVELOPMENT, LLC.

Plaintiff's complaint purports to invoke diversity jurisdiction, which requires complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332(a). It is the Court's independent obligation to satisfy itself that subject matter jurisdiction is properly established. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The Court "must dismiss the cause at any stage of the proceedings" if it determines that it lacks subject matter jurisdiction. *Penteco Corp., Ltd. P'ship v. Union Gas Sys.*, 929 F.2d 1519, 1512 (10th Cir. 1991).

The Court has reviewed the parties Rule 7.1 diversity statements (Docs. 4, 19) and determines that Defendants have not sufficiently alleged their own citizenship. As a result, the Court cannot determine whether complete diversity of citizenship exists.

The citizenship of an individual is determined by domicile. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). The citizenship of a business entity is

determined by its organizational structure. If the business is a corporation, it is deemed "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The citizenship of an unincorporated association, such as a limited liability company ("LLC") or limited partnership, is determined by the citizenship of each of its members. *Siloam Springs*, 781 F.3d at 1234 (addressing LLCs).

Courts have "recognized an inherent difficulty in determining the citizenship of foreign entities." *Wyckoff v. Cook Inc*., No. 22-CV-02849-NYW, 2022 WL 16792229, at *1 (D. Colo. Nov. 8, 2022). That appears to the situation before the Court. Plaintiff is an Ohio corporation with a principal place of business also in Ohio, thus making it an Ohio citizen for diversity purposes. Defendant Hadley Development LLC's sole member is Defendant Horton Bay Holdings, LLC. Horton Bay Holdings, LLC has two members, an individual that is a Kansas citizen and Kirintex Enterprise Company, LTD, a Taiwanese business entity of unspecified nature.

Because Plaintiff is not a foreign entity, the Court does not find it necessary to establish the organizational structure of Kirintex if Defendants can verify that the applicable requirements for either a corporation or an LLC are confirmed. *See* Sunny Handicraft (H.K.) LTD., *et al.* v. ENVISION THIS! LLC, 66 F.4th 1094, 1097 (holding "it is not necessary to remand for further proceedings to investigate contemporary Chinese law and the (business entity) attributes of the two plaintiffs" with "Ltd." designations when the Court is able to establish diversity jurisdiction for as a corporation or LLC/partnership).

Defendant Kirintex discloses it is a Taiwanese entity and that its owner is a citizen of Taiwan. (*See* Doc. 19.) The Court presumes this means it is "incorporated" in Taiwan and that the only "member" of the entity is a citizen of Taiwan. There is no information pertaining to the

principal place of business.  The Court thus directs Defendants to file a supplemental diversity disclosure statement on or before **September 19, 2025**, confirming the assumptions made by the Court and specifying the principal place of business of Kirintex.

    IT IS SO ORDERED.

    Dated September 12, 2025, at Wichita, Kansas.

/s/Brooks G. Severson  
Brooks G. Severson  
United States Magistrate Judge
